UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 01-4039

MARCOS AGUILAR-ESTRADA,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-229)

Submitted: October 18, 2001

Decided: October 29, 2001

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Marcos Aguilar-Estrada pled guilty to one count of distribution of 251.9 grams of cocaine and 1.2 kilograms of cocaine base (crack), in violation of 21 U.S.C.A. § 841(a), (b)(1)(A) (West 1999 & Supp. 2001). The district court imposed a sentence of 140 months imprisonment. Aguilar-Estrada's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising as a potentially meritorious issue the two-level weapon enhancement applied by the district court because Aguilar-Estrada's co-defendant possessed a firearm during a controlled purchase by undercover officers. *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). Aguilar-Estrada has been notified of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

Section 2D1.1(b)(1) requires the imposition of a two-level enhancement if a dangerous weapon was possessed during a drug offense unless it is clearly improbable that the weapon was connected to the offense. USSG § 2D1.1, cmt. n.3. A defendant acting in concert with others in criminal activity is accountable, for sentencing purposes, for all reasonably foreseeable conduct of others in furtherance of the joint criminal activity. USSG § 1B1.3(a)(2). Defense counsel conceded at sentencing that it was not clearly improbable that the co-defendant possessed the firearm in connection with the drug deal, but argued that Aguilar-Estrada should not be held accountable for the firearm. We find that the district court did not clearly err in determining that it was reasonably foreseeable to Aguilar-Estrada that his co-defendant would be in possession of a firearm during the drug transaction. *United States v. White*, 875 F.2d 427, 433 (4th Cir. 1989) (upholding enhancement based on foreseeability of co-defendant's possession of gun and recognizing that weapons have become tools of illegal narcotics trade).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*